UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,
v.

ANTONIO JOHNSON,

    Defendant.
_____/

Case No. 13-cr-20764-2
District Judge Paul D. Borman
Magistrate Judge David Grand

### ORDER

**(1)  DENYING DEFENDANT'S "OBJECTION TO MAGISTRATE REPORT AND REQUEST FOR CERTIFICATE OF APPEALABILITY" (ECF NO. 931)**

**(2)  ADOPTING MAGISTRATE JUDGE GRAND'S "REPORT AND RECOMMENDATION TO DENY PETITIONER'S MOTION UNDER § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND TO DENY CERTIFICATE OF APPEALABILITY (ECF NO. 787)" (ECF NO. 906)**

### BACKGROUND

Defendant Antonio Johnson, a member of the Phantom [Outlaw] Motorcycle Club, was convicted of RICO conspiracy in violation of 18 U.S.C. § 1962(d); Assault with a Dangerous Weapon in Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(3), and § 2; Conspiracy to Assault with a Dangerous Weapon in

Aid of Racketeering, in violation of 18 U.S.C. § 1956 (a)(6); Use and Carry of a Firearm During, and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c); Conspiracy to Commit Murder in Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(5); and Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1).

In the instant 28 U.S.C. § 2255 Motion, Defendant Johnson raises three issues:

> 1. Trial counsel provided ineffective assistance when he failed to challenge this Court's venue in the Eastern District of Michigan;
>
> 2. His appellate counsel was ineffective by failing to raise a claim based on *Dean v. United States*, 137 S. Ct. 1170 (2019) which the Supreme Court decided <u>after</u> Johnson was convicted; and
>
> 3. He is "actually innocent" of Count Seven, charging him with violating 18 U.S.C. §§ 1959(a)(3) & (a)(6) (i.e., Counts Five and Six) because they "do not constitute 'crimes of violence'."

(ECF No. 906, Magistrate Judge's Report and Recommendation at PageID.12918.)

## DISCUSSION

1. This Court concurs with the Magistrate Judge's conclusion that "there was no legal basis for Johnson's attorney to challenge venue in the first place." (*Id*. at PageID.12920.) "There is no dispute that the PMC RICO enterprise was based in Detroit, and the operative indictment charged Johnson with numerous acts which

2

took place there." (*Id*. at PageID.12921.) Detroit is in the Eastern District of Michigan.

2. Appellate counsel was not ineffective when he failed to raise a claim based on *Dean v. United States*, *supra*, which was decided by the Supreme Court on April 3, 2017, well <u>after</u> Johnson was sentenced. Because *Dean* was decided after Johnson's sentencing, it is not a proper claim under 28 U.S.C. § 2255.

Magistrate Judge Grand further discussed Johnson's *Dean* claim, and concluded, correctly, that the sentencing transcript "belies Johnson's contention in that even after *Dean*, Judge Borman would have sentenced Johnson to a lesser sentence." (ECF No. 906 at PageID.12923-24.)

3. Defendant's contention that he is "actually innocent" of Count Seven because the underlying predicate charges contained in Counts Five and Six do not constitute crimes of violence does not track. Count Seven relates to the shooting of McGee, a non-Phantom motorcycle gang member. Count Five charges Assault with a Dangerous Weapon in Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(3) and 2, and Count Six charges Johnson with Conspiracy to Assault with a Dangerous Weapon in Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(6). "Both of these acts were in violation of Michigan Compiled Laws, § 750.82 and 767.39, and 750.82, § 760.157a(a) and 767.39," both of which qualify

3

as crimes of violence under 18 U.S.C. § 924(c)(3)(A) and support Johnson's conviction on Count Seven.

Magistrate Judge Grand's excellent opinion comprehensively spells out facts in detail, and the relevant law supporting his conclusions.

## CONCLUSION

This Court ADOPTS Magistrate Judge Grand's "Report and Recommendation to Deny Petitioner's Motion Under § 2255 to Vacate, Set Aside or Correct Sentence." (ECF No. 787.)

This Court DENIES a Certificate of Appealability on the denial of Defendant Johnson's § 2255 Motion, for the reasons set forth in Magistrate Judge Grand's Report and Recommendation. (ECF No. 906, at PageID.12931.)

SO ORDERED.

DATED:  August 24, 2021          s/Paul D. Borman
                                 PAUL D. BORMAN
                                 UNITED STATES DISTRICT JUDGE